# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| JEANNA STOTT | ) | |
| | ) | Civil Action Number: |
| Plaintiff | ) | |
| | ) | FLSA Action |
| v. | ) | |
| | ) | Jury Trial Demanded |
| TITLEMAX of GEORGIA, INC.; and | ) | |
| JOHN PEYTON, an individual | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Jeanna Stott (hereinafter "Plaintiff") by and through her undersigned counsel, and files this Complaint against Defendants TitleMax of Georgia, Inc. and John Peyton (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by

Defendants which have deprived Plaintiff, of her lawful overtime wages and to remedy violations of the anti-retaliation provision of the FLSA by Defendants which have deprived Plaintiff of her employment..

2. Plaintiff was employed by Defendants, primarily working as a customer service representative during her employment by Defendants, at Defendants' operation at 199 North Morningside Drive Cartersville, Bartow County, Georgia 30121 (hereinafter collectively "Defendants' Cartersville location").

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

4. On or about May 19, 2011, Defendants violated the FLSA by discharging Plaintiff in retaliation for Plaintiff raising internal complaints about Defendants' failure to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek

5. Plaintiff seeks overtime compensation for work performed, reinstatement, payment of lost wages, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff resides in Cartersville, Georgia (within this District) and is a citizen of the United States. Plaintiff was employed by Defendants at Defendants' Cartersville location, from on or about August 4, 2010 until on or about May,19 2011, primarily as a customer service representative.

9. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants.

10. Defendant TitleMax of Georgia, Inc., ("Defendant TitleMax") is a corporation formed under the laws of the State of Georgia and owns and operates

title lending stores to provide services to people in the State of Georgia and elsewhere.

11. Defendant John Peyton ("Defendant Peyton") is the Store Manager of Defendants' Cartersville location.

12. Upon information and belief, Defendant Peyton, at all times material to this action, was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

13. Defendants conduct business within this State and District.

14. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Cartersville location, including the employment and pay and other practices of that operation.

15. Defendant TitleMax is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, C T Corporation System, 1201 Peachtree Street NE Atlanta, Georgia 30361.

16. Defendant Peyton is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to the Defendant Peyton personally to John Peyton at 199 North Morningside Drive Cartersville, Bartow County, Georgia 30121.

17. At all times material to this action, Defendant TitleMax was an enterprise engaged in commerce or in the production of goods for commerce as

4

defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

19. At all times relevant to this action, Plaintiff's primary duty was to serve as a customer service representative for Defendant TitleMax's title lending services.

20. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

21. At all times relevant to this action, Plaintiff was not responsible for supervising or directing the work of any other employees.

22. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

23. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

24. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

25. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

26. At all times relevant to this action, Defendants did not compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

27. At times relevant to this action, Defendants at times required Plaintiff to clock out for a meal period but then required her to not leave for said meal period but to continue working.

28. At times relevant to this action, Defendant Peyton would access Defendant TitleMax's computer system and illegally reduce Plaintiff's hours worked records in order not to pay her for overtime hours worked.

29. At times relevant to this action, Defendant Peyton would tell Plaintiff not to clock out when she was leaving work for the day as he needed to fix her time.

30. At such times, Defendant Peyton would subsequently access Defendant TitleMax's computer system and illegally clock Plaintiff out for the day

earlier than she had actually stopped working in order not to pay her for overtime hours worked.

31. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff are in the possession of Defendants.

32. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

33. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

34. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

35. Plaintiffs employment was terminated by Defendants on or about May 19, 2011.

36. Before Plaintiffs employment was terminated, she complained on more than one occasion to Defendant Peyton, her immediate supervisor, regarding having not been paid for all overtime hours she worked.

37. Before Plaintiff's employment was terminated, she complained in writing to Defendant TitleMax's Regional Manager Gordon Dufrene on May 6, 2011 about amongst other things that her actual work time had been altered by Defendant Peyton and that he had taken overtime away from her on a number of occasions.

38. Before Plaintiff's employment was terminated, Chastity J. Wyche, Human Resources Manager for Defendant TitleMax, confirmed to Plaintiff that she had received a copy from Mr. Dufrene of Plaintiff's written complaint mentioned in para. No. 37 above.

39. Plaintiff's employment was terminated by Defendants on May 19, 2011.

40. Plaintiff's employment was terminated in whole or in part, for having made these complaints to Defendants.

41. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

8

42. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44. Plaintiff demands a jury trial.

## COUNT I

45. Plaintiff repeats and incorporates by reference Paragraphs 1-44 herein. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

46. Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

47. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

49. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation and relief.

## COUNT II

50. Plaintiff repeats and incorporates by reference Paragraphs 1-44 herein. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

51. Defendants willfully and intentionally violated the provisions of § 215 of the FLSA, as detailed herein, by terminating Plaintiff's employment in retaliation, in whole or in part, for her having complained to Defendants of their failure to properly pay overtime wage compensation to her in accordance with §§203 and 207 of the FLSA.

52. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages including loss of her employment with Defendants and lost wages.

53. Defendants have not made a good faith effort to comply with the FLSA with respect to its employment of Plaintiff.

54. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, post-judgment interest, reinstatement, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded lost wages plus an equal amount of liquidated damages;

C. That Plaintiff be reinstated;

D. That Plaintiff be awarded post-judgment interest;

E. That Plaintiff be awarded reasonable attorneys' fees;

F. That Plaintiff be awarded the costs and expenses of this action; and

G. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 21st day of May, 2011.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267/(770) 837–2678 Fax