# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| JEANNA STOTT | ) | |
| | ) | Civil Action Number: |
| Plaintiff | ) | 4:11-cv-00138-HLM-WEJ |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| TITLEMAX of GEORGIA, INC.; and | ) | |
| JOHN PEYTON, an individual | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Jeanna Stott (hereinafter "Plaintiff") by and through her undersigned counsel, and files this Second Amended Complaint against Defendants TitleMax of Georgia, Inc. and John Peyton (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938; against Defendant TitleMax of Georgia, Inc. (hereinafter "Defendant TitleMax") pursuant to section 42 U.S.C. § 2000(e) of Title VII of the Civil Rights Act of 1964; and against Defendant John Peyton (hereinafter "Defendant Peyton") pursuant to O.C.G.A. 16-5-20, Simple Assault, and O.C.G.A.16-5-23, Simple Battery, and in support thereof would further state as follows:

## INTRODUCTION

1.     The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of her lawful overtime wages and to remedy violations of the anti-retaliation provision of the FLSA by Defendants which have deprived Plaintiff of her employment.

2.     This action also arises from Defendant TitleMax's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) alleging sexual harassment in employment and retaliation for complaints of said sexual harassment including depriving Plaintiff of her employment.

3.     Additionally this action arises from Defendant Peyton's violations of Plaintiff's rights by Defendant Peyton having committed an assault and battery upon Plaintiff on more than one occasion in violation of O.C.G.A. 16-5-20 and O.C.G.A. 16-5-23.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

5.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.    Statutory Notices of Right To Sue were issued by the Equal Employment Opportunity Commission (EEOC) to Plaintiff on or about August 24, 2011, true and correct copies of which are attached hereto and incorporated herein. Plaintiff timely filed a charge of discrimination with the EEOC (Charge No. 410-2011-03475) alleging sexual harassment, and retaliation.  Plaintiff timely filed an additional charge of discrimination with the EEOC (Charge No. 410-2011-05360) also alleging retaliation.  This amended action is filed within the ninety (90) days of Plaintiff's receipt of the Notices of Right To Sue.  Plaintiff has exhausted her administrative remedies as required by Title VII.

7.    Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, et seq. and 42 U.S.C. §2000e-05(g).  Compensatory and punitive damages are sought pursuant to Title VII.  Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

8.    Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the

State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9.     Plaintiff is and was at the times in this Complaint a citizen and resident of Bartow County, Georgia and is female.

10.    Plaintiff was employed by Defendants, primarily working as a customer service representative during her employment by Defendants, at Defendants' operation at 199 North Morningside Drive Cartersville, Bartow County, Georgia 30121 (hereinafter collectively "Defendants' Cartersville location").

11.    Defendant TitleMax is a corporation formed under the laws of the State of Georgia and owns and operates title lending stores to provide services to people in the State of Georgia and elsewhere.   Defendant TitleMax is an "employer" subject to Title VII and employs more than 15 regular employees. Defendant is subject to the jurisdiction and venue of the Court and may be served through its registered agent, C T Corporation System, 1201 Peachtree Street NE Atlanta, Georgia 30361

12.    Defendant Peyton is the Store Manager of Defendants' Cartersville location.

13.　　Upon information and belief, Defendant Peyton, at all times material to this action, was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

14.　　Defendants conduct business within this State and District.

15.　　Defendants maintained either actual or constructive control, oversight and direction of Defendants' Cartersville location, including the employment and pay and other practices of that operation.

16.　　Defendant Peyton is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Peyton personally to John Peyton at 199 North Morningside Drive Cartersville, Bartow County, Georgia 30121.

17.　　At all times material to this action, Defendant TitleMax was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18.　　The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

19.     Plaintiff was employed by Defendants at Defendants' Cartersville location, from on or about August 4, 2010 until on or about May 19 2011, primarily as a customer service representative.

20.     At all times relevant to this action, Plaintiff's primary duty was to serve as a customer service representative for Defendant TitleMax's title lending services.

21.     At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

22.     At all times relevant to this action, Plaintiff was not responsible for supervising or directing the work of any other employees.

23.      At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

24.     At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

25.     At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

26.     At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

27.     At all times relevant to this action, Defendants did not compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

28.     At times relevant to this action, Defendants at times required Plaintiff to clock out for a meal period but then required her to not leave for said meal period but to continue working.

29.     At times relevant to this action, Defendant Peyton would access Defendant TitleMax's computer system and illegally reduce Plaintiff's hours worked records in order not to pay her for overtime hours worked.

30.     At times relevant to this action, Defendant Peyton would tell Plaintiff not to clock out when she was leaving work for the day as he needed to fix her time.

31.     At such times, Defendant Peyton would subsequently access Defendant TitleMax's computer system and illegally clock Plaintiff out for the day earlier than she had actually stopped working in order not to pay her for overtime hours worked.

32.    The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff are in the possession of Defendants.

33.    Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

34.    Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

35.    Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36.    Plaintiffs employment was terminated by Defendants on or about May 19, 2011.

37.    Before Plaintiffs employment was terminated, she complained on more than one occasion to Defendant Peyton, her immediate supervisor, regarding having not been paid for all overtime hours she worked.

38.    Before Plaintiff's employment was terminated, she complained in writing to Defendant TitleMax's Regional Manager Gordon Dufrene on May 6, 2011 about amongst other things that her actual work time had been altered by Defendant Peyton and that he had taken overtime away from her on a number of occasions.

39.    Before Plaintiff's employment was terminated, Chastity J. Wyche, Human Resources Manager for Defendant TitleMax, confirmed to Plaintiff that she had received a copy from Mr. Dufrene of Plaintiff's written complaint mentioned in Paragraph No. 38 above.

40.    Plaintiff's employment was terminated by Defendants on May 19, 2011.

41.    Plaintiff's employment was terminated in whole or in part, for having made these complaints to Defendants.

42.    By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43.     As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

44.     On or about December 5, 2010, Plaintiff attended a Christmas party sponsored by Defendant TitleMax.

45.     Plaintiff rode to the party in a car driven by her assistant store manager William Chad Lance ("Lance").

46.     Also in the car was Plaintiff's store manager Defendant Peyton.

47.     On the ride back to her branch TitleMax office where her car was parked, Plaintiff rode in the front seat of the car with Lance driving and Defendant Peyton in the rear seat.

48.     During the ride, Defendant Peyton grabbed one of Plaintiff's hands and started sucking on her fingers.

49.     Plaintiff attempted to pull her hand away but was unable to free it from Defendant Peyton's grasp.

50.     By his above actions, Defendant Peyton placed Plaintiff in reasonable apprehension of immediately receiving a violent injury.

51.     Defendant Peyton intentionally made physical contact of an insulting or provoking nature with the Plaintiff by his above actions.

52.     Plaintiff did not consent to Defendant Peyton's actions.

53.     Defendant Peyton, still grasping Plaintiff's hand, then proceeded to pull her hand and place it on his exposed penis.

54.     By his above actions, Defendant Peyton placed Plaintiff in reasonable apprehension of immediately receiving a violent injury.

55.     Defendant Peyton intentionally made physical contact of an insulting or provoking nature with the Plaintiff by his above actions.

56.     Plaintiff did not consent to Defendant Peyton's actions.

57.     Plaintiff was then able to free her hand from Defendant Peyton's grasp.

58.     Upon arriving back to her branch TitleMax office, and after exiting the car, Defendant Peyton proceeded to hug Plaintiff and try to kiss her.

59.     By his above actions, Defendant Peyton placed Plaintiff in reasonable apprehension of immediately receiving a violent injury.

60.     Defendant Peyton intentionally made physical contact of an insulting or provoking nature with the Plaintiff by his above actions.

61.     Plaintiff did not consent to Defendant Peyton's actions.

62.     Plaintiff was able to free herself from Defendant Peyton's grasp, retrieve her vehicle and proceed home.

63.    As a further direct and proximate result of Defendant Peyton's conduct, Plaintiff was unable to work the following morning.

64.    Several months after Plaintiff was hired, Shawn Mathis ("Mathis") was hired as another of Plaintiff's coworkers at Defendants' Cartersville Location.

65.    From that point until he was transferred to another of Defendant TitleMax's locations, Mathis subjected Plaintiff to unwelcome and inappropriate comments and behavior, verbal insults and daily harassing.

66.    Plaintiff, on numerous occasions complained verbally to Defendant Peyton, her location manager.   However, Mathis continued his inappropriate behavior.

67.    On an almost daily basis, Mathis would ask Plaintiff very personal and inappropriate questions such as asking Plaintiff if she wanted to know the dimension of his private parts, and when Plaintiff responded no, he told her anyway.

68.    Mathis would make a daily comment on what Plaintiff was wearing or blatantly stare at her back side and make sounds and when Plaintiff would turn around and he would be staring at her while licking his lips.

69.     Mathis also told Plaintiff that he was in love with her, did not care that she was married, and that one night he had driven around her neighborhood looking for her house.

70.     Plaintiff continued to verbally complain to Defendant Peyton to no avail.

71.     Plaintiff then complained to Defendant Peyton's immediate supervisor, Phillip Young, TitleMax's District Vice President.

72.     Soon thereafter, Mathis was moved to another of Defendant TitleMax's locations.

73.     Despite his treatment of Plaintiff described above, Mathis was allowed to return to work with Plaintiff at Defendants' Cartersville Location.

74.     Almost immediately upon his return, Mathis again subjected Plaintiff to unwelcome and inappropriate comments and behavior.

75.     In late April, in front of Plaintiff, he told a TitleMax customer that he knows this girl named Jeanna (referring to Plaintiff), and "she's got the body of a stripper."

76.     Plaintiff complained to Defendant Peyton but his only response was "well that's Shawn [Mathis]."

77.    The next day Defendant Peyton was relating Mathis' inappropriate comments to another of TitleMax's managers while laughing about it.

78.    A few days later Mathis told Plaintiff that she looked sexy eating and then said to her "I don't know if you're interested in a black man, but a black man is interested in you."   He also said " I just need to go ahead and tell your husband it's over for ya'll because I love you."

79.    The actions of Mathis were offensive and created a hostile working environment.

80.    Defendant Peyton, on a number of occasions, witnessed Mathis' inappropriate and offensive behavior towards Plaintiff, and did nothing to correct or prevent such behavior.

81.    Once again Plaintiff verbally complained to Defendant Peyton who in response shrugged his shoulders and said "oh, well he will be gone in three weeks."

82.    On January 11, 2011, Defendant Peyton made offensive jokes to Plaintiff about going in the back and having sex on the motorcycles.

83.    On April 26, 2011, Defendant Peyton in front of Plaintiff intimated to Mathis that he had sex with Plaintiff when he said "I've already had my 30 minutes with Jeanna [Stott]", to which Mathis asked "hey JP, was she as good as I think she

is, freaky?"  Defendant Peyton replied "Oh yeah she's that good, it's everything you think she is."

84.    On or about May 6, 2011, Plaintiff called the TitleMax sexual harassment hotline on three different occasions with the intent of reporting the sexual abuse and harassment she had been subjected to by Mathis and by Defendant Peyton.  On each such occasion she was connected to a recording and she left a message requesting a return phone call.

85.    Also on or about May 6, 2011, when Plaintiff was not able to reach anyone by calling the TitleMax sexual harassment hotline, she contacted the receptionist at TitleMax's corporate office and asked for the Human Resource manager's personal telephone extension number or email address with the intention of reporting sexual abuse and harassment.  The receptionist told Plaintiff that she did not have that information.

86.    Then on or about May 6, 2011, Plaintiff, unable to contact an individual to report sexual abuse and harassment, contacted TitleMax's Regional Manager, Gordon Dufrene ("Regional Manager Dufrene"), by email and reported in writing the sexual abuse and harassment she had been suffering from Mathis and Defendant Peyton.

87.     Regional Manager Dufrene's immediate response to transfer Plaintiff to report to another TitleMax location was in retaliation for her having reported the sexual abuse and harassment to which she had been subjected.

88.     Upon information and belief, Regional Manager Dufrene shared Plaintiff's complaints of sexual abuse and harassment with other officials of TitleMax including but not limited to Chasity J. Wyche, Human Resources Manager, and Nekia Jones.

89.     On or about May 19, 2011, Defendant TitleMax terminated Plaintiff's employment.

90.     Plaintiff has suffered severe frustration, anxiety, humiliation and emotional distress as a result of the sexual harassment.

91.     Defendant TitleMax's conduct was done with reckless indifference to Plaintiff's federally protected rights and Defendant TitleMax failed to make good faith efforts to comply with Title VII.

92.     Plaintiff has retained the undersigned counsel to represent her in this action and is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

93.     Plaintiff demands a jury trial.

## COUNT I
## (FLSA VIOLATIONS AGAINST DEFENDANTS)

94.    Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

95.    Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

96.    As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

97.    Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

98.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation and relief.

## COUNT II
## (FLSA RETALIATION AGAINST DEFENDANTS)

102    Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein.

103.   By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations..

104    Defendants willfully and intentionally violated the provisions of § 215 of the FLSA, as detailed herein, by terminating Plaintiff's employment in retaliation, in whole or in part, for her having complained to Defendants of their failure to properly pay overtime wage compensation to her in accordance with §§203 and 207 of the FLSA.

105.   As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages including loss of her employment with Defendants and lost wages.

106.   Defendants have not made a good faith effort to comply with the FLSA with respect to its employment of Plaintiff.

107.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, post-judgment interest, reinstatement, attorneys' fees, costs and other compensation and relief.

## COUNT III
### (Simple Assault Against Defendant Peyton)

108    Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein. By his actions alleged herein, Defendant Peyton willfully, knowingly and/or recklessly violated O.C. G. A. § 16-5-20 on more than one occasion.

109.   Defendant Peyton intended to cause and did cause Plaintiff to suffer apprehension of immediately receiving a violent injury on more than one occasion.

## COUNT IV
### (Simple Battery Against Defendant Peyton)

110.   Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein. By his actions alleged herein, Defendant Peyton willfully, knowingly and/or recklessly violated O.C. G. A. § 16-5-23 on more than one occasion.

111.   Defendant Peyton intended to and did make physical contact of an insulting or provoking nature with the person of the Plaintiff on more than one occasion.

**COUNT V**
**(Sexual Harassment Against Defendant TitleMax)**

112.   Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein as though fully set forth herein.

113.   Plaintiff was subjected to a hostile, offensive and abusive working environment as a result of her gender, female.  Based upon repeated complaints by Plaintiff, Defendant TitleMax knew of the hostile working environment.

114.   Plaintiff found the harassment to be humiliating, offensive, unfair and in violation of her rights under Title VII.

115.   Defendant TitleMax is directly liable for the sexual harassment of Defendant Peyton by nature of his position and authority over Plaintiff.

116.   Plaintiff complained verbally many times but Defendant Peyton continued to create and allow another to create a hostile working environment for Plaintiff.

117.   Plaintiff has suffered severe frustration, anxiety, humiliation and emotional distress as a result of the sexual harassment.

118.   Defendant TitleMax's conduct was done with reckless indifference to Plaintiff's federally protected rights and Defendant TitleMax failed to make good faith efforts to comply with Title VII.

## COUNT VI
### (Title VII Retaliation Against TitleMax)

119.   Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein as though fully set forth herein.

120.   By complaining about sexual harassment, including but not limited to the written complaints to Regional Manager.Dufrene on May 6, 2011, Plaintiff engaged in activity protected by Title VII.

121.   As a result of her complaints, Defendant TitleMax transferred her to another work location of Defendant TitleMax.

122.   Defendant TitleMax has treated Plaintiff in an adverse manner.

123.   As a result of Defendant TitleMax's conduct, Plaintiff has suffered compensatory damages including but not limited to frustration, anxiety, anger and emotional distress.

## COUNT VII
### (Title VII Retaliation Against TitleMax)

124.   Plaintiff repeats and incorporates by reference Paragraphs 1-93 herein as though fully set forth herein.

125.   By complaining about sexual harassment, including but not limited to the written complaints to Regional Manager.Dufrene on May 6, 2011, Plaintiff engaged in activity protected by Title VII.

126.   As a result of her complaints, Defendant TitleMax terminated Plaintiff.

127.   Defendant TitleMax has treated Plaintiff in an adverse manner.

128.   As a result of Defendant TitleMax's conduct, Plaintiff has suffered compensatory damages including but not limited to frustration, anxiety, anger and emotional distress.

## COUNT VIII
### (Negligent Retention/Supervision Against Defendant TitleMax)

129.   Plaintiff repeats and incorporates by reference Paragraphs 1 – 93 herein as though fully set forth herein.

130.   At all times relevant hereto, Defendant TitleMax knew or should have known that Mathis was not suited for the particular employment in which he was retained at the time of the acts set forth herein.

131.   Defendant TitleMax negligently supervised and retained Mathis in his position and in carrying out the responsibilities he was assigned.

132.   As a direct, proximate and foreseeable result of Defendant TitleMax's negligent retention of Mathis, Plaintiff has suffered and continues to suffer damages for which Defendant TitleMax is liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That Plaintiff be awarded lost wages, plus an equal amount of liquidated damages;

B.     That Plaintiff be reinstated;

C.     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

D.     That Plaintiff be awarded front pay in an amount to be determined at trial;

E.     That Plaintiff be awarded post-judgment interest;

F.     That Plaintiff be awarded reasonable attorneys' fees;

G.     That Plaintiff be awarded the costs and expenses of this action; and

H.     That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 11th day of October, 2011.


MARTIN & MARTIN, LLP

By:    /s/ Kimberly N. Martin
       Kimberly N. Martin
       kmartin@martinandmartinlaw.com

Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267/(770) 837–2678 Fax

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| JEANNA STOTT | ) | |
| | ) | Civil Action Number: |
|     Plaintiff | ) | 4:11-cv-00138-HLM-WEJ |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| TITLEMAX of GEORGIA, INC.; and | ) | |
| JOHN PEYTON, an individual | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2011, I have electronically filed this PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Robert Daniel Beale
> McKenna, Long & Aldridge, LLP
> 303 Peachtree Street, NE
> Suite 5300
> Atlanta, GA 30308-3265
>
> Representing TitleMax of Georgia, Inc.
>
> Warren R. Hall Jr.
> Hall, Arbery & Gilligan LLP
> 3340 Peachtree Road NE

Suite 2570
Atlanta, Georgia 30326

Representing John Peyton

This 11th day of October, 2011.

MARTIN & MARTIN, LLP

By:   /s/ Kimberly N. Martin
        Kimberly N. Martin