## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JEANNA STOTT,<br><br>         Plaintiff,<br><br>v.<br><br>TITLEMAX OF GEORGIA, INC. and<br>JOHN PEYTON, an individual,<br><br>         Defendants. | Civil Action File No.<br>4:11-cv-138-HLM |

## ANSWER OF
## DEFENDANT TITLEMAX OF GEORGIA, INC.

Defendant TitleMax of Georgia, Inc. ("TitleMax") hereby states its Answer to Plaintiff's Second Amended Complaint (hereinafter the "Complaint") as follows:

## RESPONSE TO INDIVIDUAL PARAGRAPHS

TitleMax responds to the individually numbered paragraphs in the Complaint of Plaintiff Jeanna Stott as follows:

1.

Paragraph 1 of the Complaint sets forth statements of law and legal conclusions. Therefore, no response is required by TitleMax. To the extent a response is required, TitleMax admits that Plaintiff attempts to assert claims

- 1 -

against TitleMax pursuant to the Fair Labor Standards Act, 29 U.S.C.  §§ 201, et. seq., as amended ("FLSA"), but denies any violations thereof.

## 2.

Paragraph 2 of the Complaint sets forth statements of law and legal conclusions.  Therefore, no response is required by TitleMax.  To the extent a response is required, TitleMax admits that Plaintiff attempts to assert claims against TitleMax pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) alleging sexual harassment in employment and retaliation for complaints of said sexual harassment, but denies any violations thereof.

## 3.

Paragraph 3 of the Complaint asserts legal conclusions with respect to Defendant Peyton, and accordingly no response from TitleMax is required.  To the extent a response is required, TitleMax denies the allegations of paragraph 3.

## 4.

TitleMax admits that this Court has subject matter jurisdiction.

## 5.

TitleMax admits that this Court has supplemental jurisdiction over Plaintiff's state law claims.

ATLANTA:5337310.2

6.

TitleMax admits that Plaintiff filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").  TitleMax denies that the charges were timely with respect to certain of the events and conduct alleged in the Complaint.  TitleMax denies that copies of any right to sue notices were attached to the Complaint.  TitleMax is without information sufficient to form a belief as to the truth of Plaintiff's allegations that (a) the right to sue notices were issued on August 24, 2011, (b) the Complaint was filed within 90 days of Plaintiff's receipt of any such right to sue notices, and (c) Plaintiff  has exhausted her administrative remedies, and thus those allegations stand denied.

7.

TitleMax admits that Plaintiff has filed this action seeking the relief specified in paragraph 7 of the Complaint, but TitleMax denies violations and liability with respect to the allegations in the Complaint.

8.

TitleMax admits that venue is proper in the Northern District of Georgia.

9.

TitleMax denies the allegations in paragraph 9 except:   (a) TitleMax is without knowledge or information sufficient to form a belief as to the truth of the

- 3 -

allegations about Plaintiff's residency and (b) TitleMax admits that Plaintiff is a female.

10.

TitleMax denies the allegations contained in paragraph 10 of the Complaint, except TitleMax admits that Plaintiff was employed by TitleMax, primarily working as a customer service representative, at TitleMax's location in Cartersville, Georgia.

11.

TitleMax admits the allegations contained in paragraph 11 of the Complaint.

12.

TitleMax denies the allegations contained in paragraph 12 of the Complaint, except TitleMax admits that Defendant Peyton is the Store Manager of TitleMax's Cartersville location.

13.

Paragraph 13 asserts legal conclusions with respect to Defendant Peyton, and accordingly no response from TitleMax is required.  To the extent a response is required, TitleMax denies the allegations of paragraph 13.

14.

TitleMax admits the allegations contained in paragraph 14 of the Complaint.

ATLANTA:5337310.2

15.

TitleMax denies the allegations contained in paragraph 15 of the Complaint as stated.  By way of further answer, TitleMax admits that TitleMax oversees the employment practices and pay practices of TitleMax's Cartersville location.

16.

TitleMax admits the allegations contained in paragraph 16 of the Complaint.

17.

TitleMax admits the allegations contained in paragraph 17 of the Complaint.

18.

TitleMax denies the allegations contained in paragraph 18 of the Complaint, but admits that the overtime provisions in § 207 of the FLSA apply to TitleMax.

19.

TitleMax denies the allegations of paragraph 19, except that TitleMax admits that Plaintiff was employed by TitleMax as a Customer Service Representative and that she worked at TitleMax's Cartersville location.

20.

TitleMax admits the allegations contained in paragraph 20 of the Complaint.

21.

TitleMax admits the allegations contained in paragraph 21 of the Complaint.

ATLANTA:5337310.2

22.

TitleMax admits the allegations contained in paragraph 22 of the Complaint.

23.

TitleMax admits the allegations contained in paragraph 23 of the Complaint.

24.

TitleMax admits the allegations contained in paragraph 24 of the Complaint.

25.

TitleMax admits the allegations contained in paragraph 25 of the Complaint.

26.

TitleMax denies the allegations contained in paragraph 26 of the Complaint.

27.

TitleMax denies the allegations contained in paragraph 27 of the Complaint.

28.

TitleMax denies the allegations contained in paragraph 28 of the Complaint.

29.

TitleMax denies the allegations contained in paragraph 29 of the Complaint.

30.

TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

ATLANTA:5337310.2

31.

TitleMax denies the allegations contained in paragraph 31 of the Complaint.

32.

TitleMax denies the allegations of paragraph 32 as stated.  By way of further answer, TitleMax admits that TitleMax maintains records of the time-clock punches by Plaintiff and any edits by management, as well as records of the compensation actually paid to Plaintiff.

33.

TitleMax denies the allegations of paragraph 33 as stated.  By way of further answer, TitleMax admits that Plaintiff was not exempt from the overtime pay provisions of the FLSA.

34.

TitleMax denies the allegations of paragraph 34 as stated.  By way of further answer, TitleMax admits that Plaintiff was not exempt from the overtime pay provisions of the FLSA and that Plaintiff was entitled to be paid at the overtime rate of one-and-one-half her regular rate of pay for any hours worked over 40 in a workweek, but denies that Plaintiff worked any overtime hours for which she did not receive proper compensation.

ATLANTA:5337310.2

35.

TitleMax denies the allegations of paragraph 35 as stated.  By way of further answer, TitleMax admits that Plaintiff was not exempt from the overtime pay provisions of the FLSA and that Plaintiff was entitled to be paid at the overtime rate of one-and-one-half her regular rate of pay for any hours worked over 40 in a workweek, but denies that Plaintiff worked any overtime hours for which she did not receive proper compensation.

36.

TitleMax denies the allegations of paragraph 36 as stated.  By way of further answer, TitleMax admits that Plaintiff's employment was terminated by TitleMax on or about May 19, 2011.

37.

TitleMax denies the allegations contained in paragraph 37 of the Complaint.

38.

TitleMax admits the allegations contained in paragraph 38 of the Complaint.

39.

TitleMax admits the allegations contained in paragraph 39 of the Complaint, except that TitleMax notes that the correct spelling of Ms. Wyche's first name is "Chasity."

ATLANTA:5337310.2

40.

TitleMax denies the allegations of paragraph 40 as stated.  By way of further answer, TitleMax admits that Plaintiff's employment was terminated by TitleMax on or about May 19, 2011.

41.

TitleMax denies the allegations contained in paragraph 41 of the Complaint.

42.

TitleMax denies the allegations contained in paragraph 42 of the Complaint.

43.

TitleMax denies the allegations contained in paragraph 43 of the Complaint.

44.

TitleMax admits the allegations contained in paragraph 44 of the Complaint.

45.

TitleMax admits the allegations contained in paragraph 45 of the Complaint.

46.

TitleMax admits the allegations contained in paragraph 46 of the Complaint.

47.

TitleMax is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and thus they are denied.

ATLANTA:5337310.2

48.

TitleMax is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and thus they are denied.

49.

TitleMax is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and thus they are denied.

50.

TitleMax denies the allegations contained in paragraph 50 of the Complaint.

51.

TitleMax denies the allegations contained in paragraph 51 of the Complaint.

52.

TitleMax is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and thus they are denied.

53.

TitleMax denies the allegations contained in paragraph 53 of the Complaint.

54.

TitleMax denies the allegations contained in paragraph 54 of the Complaint.

55.

TitleMax denies the allegations contained in paragraph 55 of the Complaint.

ATLANTA:5337310.2

56.

TitleMax is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and thus they are denied.

57.

TitleMax denies the allegations contained in paragraph 57 of the Complaint.

58.

TitleMax denies the allegations contained in paragraph 58 of the Complaint.

59.

TitleMax denies the allegations contained in paragraph 59 of the Complaint.

60.

TitleMax denies the allegations contained in paragraph 60 of the Complaint.

61.

TitleMax is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and thus they are denied.

62.

TitleMax denies the allegations contained in paragraph 62 of the Complaint.

63.

TitleMax denies the allegations contained in paragraph 63 of the Complaint.

ATLANTA:5337310.2

64.

TitleMax denies the allegations contained in paragraph 64 of the Complaint. By way of further information, TitleMax admits that Shawn Mathis ("Mathis") was hired to work in the Cartersville location on August 16, 2010.

65.

TitleMax denies the allegations contained in paragraph 65 of the Complaint.

66.

TitleMax denies the allegations contained in paragraph 66 of the Complaint.

67.

TitleMax denies the allegations contained in paragraph 67 of the Complaint.

68.

TitleMax denies the allegations contained in paragraph 68 of the Complaint.

69.

TitleMax denies the allegations contained in paragraph 69 of the Complaint.

70.

TitleMax denies the allegations contained in paragraph 70 of the Complaint.

71.

TitleMax denies the allegations contained in paragraph 71 of the Complaint.

72.

TitleMax denies the allegations as stated in paragraph 72.  By way of further information, TitleMax admits that Shawn Mathis was transferred to another

ATLANTA:5337310.2

location for training purposes, but denies that the timing of the transfer was in any way related to Plaintiff's alleged complaints.

73.

TitleMax denies the allegations as stated in paragraph 73.  By way of further information, TitleMax admits that Shawn Mathis was transferred back to the Cartersville location upon completion of his training at another store; but TitleMax denies all other allegations in paragraph 73 of the Complaint.

74.

TitleMax denies the allegations contained in paragraph 74 of the Complaint.

75.

TitleMax denies the allegations contained in paragraph 75 of the Complaint.

76.

TitleMax denies the allegations contained in paragraph 76 of the Complaint.

77.

TitleMax denies the allegations contained in paragraph 77 of the Complaint.

78.

TitleMax denies the allegations contained in paragraph 78 of the Complaint.

79.

TitleMax denies the allegations contained in paragraph 79 of the Complaint.

80.

TitleMax denies the allegations contained in paragraph 80 of the Complaint.

ATLANTA:5337310.2

81.

TitleMax denies the allegations contained in paragraph 81 of the Complaint.

82.

TitleMax denies the allegations contained in paragraph 82 of the Complaint.

83.

TitleMax denies the allegations contained in paragraph 83 of the Complaint.

84.

TitleMax is without information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and thus they are denied, except that TitleMax admits that Plaintiff contacted the sexual harassment hotline on Friday, May 6, 2011.

85.

TitleMax denies the allegations in paragraph 85 of the Complaint, except that TitleMax is without information sufficient to form a belief as to the truth of the allegation that Plaintiff contacted TitleMax's corporate office and thus it is denied.

86.

TitleMax denies the allegations in paragraph 86 of the Complaint except that TitleMax admits that Plaintiff sent an email to Mr. Dufrene on or about May 6, 2011 containing some of the allegations in the Complaint.

ATLANTA:5337310.2

87.

TitleMax denies the allegations in paragraph 87 of the Complaint.

88.

TitleMax denies the allegations in paragraph 88 of the Complaint, except that TitleMax admits that Mr. Dufrene forwarded Plaintiff's May 6, email to TitleMax's human resources department.

89.

TitleMax admits the allegations in paragraph 89 of the Complaint.

90.

TitleMax denies the allegations in paragraph 90 of the Complaint.

91.

TitleMax denies the allegations in paragraph 91 of the Complaint.

92.

TitleMax admits that Plaintiff is represented by counsel in this action but denies that Plaintiff is entitled to recover attorney's fees or costs incurred in this action.

93.

Paragraph 93 sets forth Plaintiff's demand for a jury trial.  Therefore, no response is required by TitleMax.  To the extent a response is required, TitleMax admits that Plaintiff has indicated a desire for a jury trial.

ATLANTA:5337310.2

## COUNT 1
## (FLSA VIOLATIONS AGAINST DEFENDANTS)

### 94.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.   TitleMax denies the allegations contained in paragraph 94 of the Complaint.

### 95.

TitleMax denies the allegations contained in paragraph 95 of the Complaint.

### 96.

TitleMax denies the allegations contained in paragraph 96 of the Complaint.

### 97.

TitleMax denies the allegations contained in paragraph 97 of the Complaint.

### 98.

TitleMax denies the allegations contained in paragraph 98 of the Complaint.

### 99.

The Complaint does not contain a paragraph numbered 99.

### 100.

The Complaint does not contain a paragraph numbered 100.

### 101.

The Complaint does not contain a paragraph numbered 101.

ATLANTA:5337310.2

## COUNT II
## (FLSA RETALIATION AGAINST DEFENDANTS)

### 102.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.

### 103.

TitleMax denies the allegations contained in paragraph 103 of the Complaint.

### 104.

TitleMax denies the allegations contained in paragraph 104 of the Complaint.

### 105.

TitleMax denies the allegations contained in paragraph 105 of the Complaint.

### 106.

TitleMax denies the allegations contained in paragraph 106 of the Complaint.

### 107.

TitleMax denies the allegations contained in paragraph 107 of the Complaint.

ATLANTA:5337310.2

## COUNT III
## (SIMPLE ASSAULT AGAINST DEFENDANT PEYTON)

### 108.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.  The allegations in paragraph 108 are directed to Defendant Peyton, and thus no response from TitleMax is required.  To the extent a response is required, TitleMax denies the allegations contained in paragraph 108 of the Complaint.

### 109.

The allegations in paragraph 109 are directed to Defendant Peyton, and thus no response from TitleMax is required.  To the extent a response is required, TitleMax denies the allegations contained in paragraph 109 of the Complaint.

## COUNT IV
## (SIMPLE BATTERY AGAINST DEFENDANT PEYTON)

### 110.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.  The allegations in paragraph 110 are directed to Defendant Peyton, and thus no response from TitleMax is required.  To the extent a response is required, TitleMax denies the allegations contained in paragraph 110 of the Complaint.

ATLANTA:5337310.2

### 111.

The allegations in paragraph 111 are directed to Defendant Peyton, and thus no response from TitleMax is required.  To the extent a response is required, TitleMax denies the allegations contained in paragraph 111 of the Complaint.

## COUNT V
## (SEXUAL HARASSMENT AGAINST DEFENDANT TITLEMAX)

### 112.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.

### 113.

TitleMax denies the allegations contained in paragraph 113 of the Complaint.

### 114.

TitleMax denies the allegations contained in paragraph 114 of the Complaint.

### 115.

TitleMax denies the allegations contained in paragraph 115 of the Complaint.

- 19 -

116.

TitleMax denies the allegations contained in paragraph 116 of the Complaint.

117.

TitleMax denies the allegations contained in paragraph 117 of the Complaint.

118.

TitleMax denies the allegations contained in paragraph 118 of the Complaint.

## COUNT VI
## (TITLE VII RETALIATION AGAINST TITLEMAX)

119.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.

120.

TitleMax denies the allegations contained in paragraph 120 of the Complaint.

121.

TitleMax denies the allegations contained in paragraph 121 of the Complaint.

- 20 -

122.

TitleMax denies the allegations contained in paragraph 122 of the Complaint.

123.

TitleMax denies the allegations contained in paragraph 123 of the Complaint.

## COUNT VII
## (TITLE VII RETALIATION AGAINST TITLEMAX)

124.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.  TitleMax denies the allegations contained in paragraph 124 of the Complaint.

125.

TitleMax denies the allegations contained in paragraph 125 of the Complaint.

126.

TitleMax denies the allegations contained in paragraph 126 of the Complaint.

ATLANTA:5337310.2

127.

TitleMax denies the allegations contained in paragraph 127 of the Complaint.

128.

TitleMax denies the allegations contained in paragraph 128 of the Complaint.

## COUNT VIII
## (NEGLIGENT RETENTION /SUPERVISION AGAINST TITLEMAX)

129.

TitleMax repeats and incorporates by reference its responses in paragraphs 1-93 herein.

130.

TitleMax denies the allegations contained in paragraph 130 of the Complaint.

131.

TitleMax denies the allegations contained in paragraph 131 of the Complaint.

132.

TitleMax denies the allegations contained in paragraph 132 of the Complaint.

- 22 -

## RESPONSE TO ALL PARAGRAPHS OF COMPLAINT

Except as expressly admitted herein, TitleMax denies each and every allegation contained in the Complaint.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole in or in part, because any alleged actions or omissions of TitleMax were not the cause of Plaintiff's alleged damages.

## THIRD DEFENSE

Plaintiff's claims of retaliation are barred, in whole or in part, because all decisions regarding her employment, including but not limited to the decision to terminate Plaintiff's employment, were made for legitimate, non-retaliatory business reasons.

## FOURTH DEFENSE

Plaintiff's claims for liquidated damages are barred, in whole or in part, because at all relevant times, TitleMax operated in good faith and under a reasonable belief that TitleMax was in compliance with the law with regard to Plaintiff's federally protected rights.

ATLANTA:5337310.2

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by TitleMax or to otherwise avoid harm.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver and/or estoppel, because Plaintiff approved her time records each week.

## EIGHTH DEFENSE

Plaintiff's FLSA claims are barred, in whole or in part, because they relate, in whole or in part, to alleged time constituting preliminary and postliminary activities under the Portal to Portal Act.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if some impermissible motive was a factor in any employment decision(s) concerning Plaintiff, a claim which TitleMax expressly denies, the same decision(s) would have been reached regardless of the impermissible motive.

- 24 -

## TENTH DEFENSE

An award of punitive damages against TitleMax in this case is barred under the standards of <u>Kolstad v. American Dental Assoc.</u>, 527 U.S. 526 (1999).

## ELEVENTH DEFENSE

To the extent Plaintiff's Title VII claims relate to conduct and events occurring more than 180 days prior to the filing of the relevant EEOC charge, such claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH DEFENSE

Plaintiff's claims regarding sexual harassment are barred, in whole or part, because TitleMax was not on notice of any prior harassment by Plaintiff's co-worker.

## THIRTEENTH DEFENSE

Plaintiff's claims regarding sexual harassment are barred, in whole or part, because TitleMax took prompt remedial action to address Plaintiff's complaints.

## FOURTEENTH DEFENSE

TitleMax hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defense.

ATLANTA:5337310.2

WHEREFORE, TitleMax demands and prays that the Court dismiss Plaintiff's claims with prejudice, award TitleMax all litigation expenses incurred in defending against Plaintiff's Complaint, and for such other and further relief as may be deemed just and proper by this Court.

Respectfully submitted this 25th day of October, 2011.

/s/ R. Daniel Beale
R. Daniel Beale
Georgia Bar No. 043880
Shannon R. Creasy
Georgia Bar No. 228358

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198     (facsimile)
dbeale@mckennalong.com
screasy@mckennalong.com

Attorneys for Defendant
TitleMax of Georgia, Inc.

ATLANTA:5337310.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JEANNA STOTT,

          Plaintiff,

v.

 TITLEMAX OF GEORGIA, INC. and
 JOHN PEYTON, an individual,

          Defendants.

Civil Action File No.
4:11-cv-138-HLM

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on October 24, 2011, I electronically filed the foregoing ANSWER OF DEFENDANT TITLEMAX of GEORGIA, INC. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Thomas F. Martin
> MARTIN & MARTIN, LLP
> Post Office Box 1070
> Tucker, Georgia 30085
> tfmartin@martinandmartinlaw.com

> Kimberly N. Martin
> MARTIN & MARTIN, LLP
> Post Office Box 1070
> Tucker, Georgia 30085
> kmartin@martinandmartinlaw.com

Warren R. Hall
HALL, ARBERY & GILLIGAN, LLP
3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
wrh@whall-law.com

This 25th day of  October, 2011.

/s/ R. Daniel Beale
R. Daniel Beale
Georgia Bar No. 043880
Shannon R. Creasy
Georgia Bar No. 228358
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Phone:  (404) 527-4000
Fax:      (404) 527-4198
dbeale@mckennalong.com
screasy@mckennalong.com

Attorneys for Defendant
TitleMax of Georgia, Inc.