**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| JEANNA STOTT,<br><br>  Plaintiff,<br><br>v.<br><br>TITLEMAX of GEORGIA, INC.,<br>and JOHN PEYTON, an individual<br><br>  Defendants. | Civil Action File No.<br>4:11-cv-138-HLM-WEJ |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Jeanna Stott (hereinafter "Plaintiff") files her Initial Disclosures pursuant to Local Rule 26.1.

### DISCLOSURE NO. 1:

**State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

### RESPONSE NO. 1:

A.  **Classification of Cause of Action**

This is an action raising claims of failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq., as amended ("FLSA"), Simple Assault in violation of O.C.G.A. §16-5-20, and Simple Battery in violation

of O.C.G.A. § 16-5-23.  Plaintiff also claims that she was retaliated against for raising concerns regarding alleged FLSA violations.  Plaintiff also has claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

### B. Factual Outline

Plaintiff worked as a Customer Service Representative for Defendant TitleMax of Georgia, Inc. ("Defendant TitleMax") in the TitleMax Cartersville, Georgia location from August 4, 2010 through May 20, 2011.  She reported directly to the Cartersville Store Manager, John Peyton ("Defendant Peyton").  On the evening of May 6, 2011, Plaintiff sent an email to Defendant TitleMax's Regional Manager, Gordon Dufrene, making a variety of allegations, including an allegation that she had not been paid overtime for certain hours worked during her employment with Defendant TitleMax and that she had been repeatedly subject to sexual harassment.  Plaintiff claimed that on several occasions throughout her employment, Defendant Peyton illegally altered her hours on her timecard and instructed her not to clock out so he could adjust her time.  Additionally, Plaintiff claimed that Defendant Peyton engaged in inappropriate physical contact with her of a sexual nature outside of work hours.  Plaintiff also claimed that she had been a

victim of sexual harassment by Defendant Peyton and former co-worker, Shawn Mathis.

After receiving Plaintiff's complaints, Defendant TitleMax terminated Plaintiff on May 20, 2011 for allegedly providing "false" complaints about sexual harassment and failure to properly pay for hours worked.

### C.   Legal Issues

1. Whether Plaintiff can show that Defendants violated the FLSA by failing to properly compensate Plaintiff for time work;

2. Whether Plaintiff can show that Defendant TitleMax terminated her in retaliation for reporting the violations she has asserted;

3. Whether Plaintiff can show that Defendant Peyton committed Simple Assault and/or Simple Battery against her;

4. Whether Plaintiff is entitled to relief under Title VII for sexual harassment; and

5. Whether TitleMax retaliated against Plaintiff for complaining of sexual harassment in the workplace.

**DISCLOSURE NO. 2:**

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiffs contend are applicable to this action.

**RESPONSE NO. 2:**

Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq., as amended, O.C.G.A. §16-5-20, O.C.G.A. § 16-5-23, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and Georgia law on negligent retention/supervision.

**DISCLOSURE NO. 3:**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE NO. 3:**

See Attachment A. Plaintiff respectfully reserves the right to amend this Disclosure as the need arises during the discovery process.

**DISCLOSURE NO. 4:**

**Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**RESPONSE NO. 4:**

Plaintiff has not identified or retained an expert witness for use at trial at the time of filing these Initial Disclosures. Plaintiff respectfully reserves the right to amend this Disclosure as the need arises during the discovery process.

**DISCLOSURE NO. 5:**

**Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE NO. 5:**

See Attachment C. Plaintiff respectfully reserves the right to amend this Disclosure as the need arises during the discovery process.

**DISCLOSURE NO. 6:**

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE NO. 6:**

Plaintiff seeks any and all damages available to her pursuant to Title VII and Georgia law, including but not limited to compensatory and punitive damages, reinstatement, and attorneys' fees and costs. Plaintiff also seeks unpaid wages for hours worked and retaliation pursuant to the FLSA. At this time, Plaintiff is not in custody of the documents in order to calculate her unpaid wages. Plaintiff will supplement this Disclosure upon receipt of the proper discovery documents that permit her to calculate her unpaid wages.

**DISCLOSURE NO. 7:**

**Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE NO. 7:**

None known.  Plaintiff respectfully reserves the right to amend this Disclosure as the need arises during the discovery process.

**DISCLOSURE NO. 8:**

**Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.**

**RESPONSE NO. 8:**

None known.  Plaintiff respectfully reserves the right to amend this Disclosure as the need arises during the discovery process.

Respectfully submitted this 26th day of October, 2011.

        MARTIN & MARTIN, LLP

        By:  /s/ Kimberly N. Martin
              Kimberly N. Martin

kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070


(404) 313-5538 / (770) 837–2678 Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| JEANNA STOTT,<br><br>    Plaintiff,<br><br>v.<br><br>TITLEMAX of GEORGIA, INC.,<br>and JOHN PEYTON, an individual<br><br>    Defendants. | Civil Action File No.<br>4:11-cv-138-HLM-WEJ |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>R. Daniel Beale
>McKenna Long & Aldridge LLP
>303 Peachtree St. NE, Suite 5300
>Atlanta, Georgia 30308
>
>Warren R. Hall
>HALL, ARBERY & GILLIGAN, LLP
>3340 Peachtree Road NE, Suite 2570
>Atlanta, Georgia 30326

This 26th day of October, 2011.      /s/ Kimberly N. Martin

## ATTACHMENT A
## PLAINTIFF'S WITNESS LIST

The following is a list of individuals who may have knowledge or information relevant to this case:

1. Plaintiff, c/o Plaintiff's attorneys

2. John Peyton, c/o Defendant Peyton's attorneys

3. Shawn Mathis

4. Gordon Dufrene, c/o Defendant TitleMax's attorneys

5. Chasity J. Wyche

6. William Chad Lance

7. Rachel Edwards

8. Nekia Jones

## ATTACHMENT C
## PLAINTIFF'S DOCUMENT LIST

1. Plaintiff's written complaints of sexual harassment

2. Plaintiff's EEOC Charges of Discrimination

3. E-mails regarding Plaintiff's complaints