IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JEANNA STOTT,<br><br>Plaintiff,<br><br>v.<br><br>TITLEMAX of GEORGIA, INC.,<br>and JOHN PEYTON, an individual<br><br>Defendants. | Civil Action File No.<br>4:11-cv-138-HLM |

## DEFENDANT TITLEMAX OF GEORGIA, INC.'S INITIAL DISCLOSURES

Defendant TitleMax of Georgia, Inc. ("TitleMax"), by and through its counsel of record, hereby provides the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1 of the Civil Local Rules for the Northern District of Georgia. The following disclosures are based on information reasonably available to TitleMax at the present time. TitleMax reserves the right to supplement its disclosures as more information becomes available.

(1) **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The legal name of TitleMax is correctly stated in the case caption.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

TitleMax is not aware of any necessary, unnamed parties at this time.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Subject to further information that may be revealed during discovery, TitleMax believes the relevant facts to be as follows:

TitleMax of Georgia, Inc. is based in Savannah, Georgia and operates more than 700 stores in eleven states, providing consumer installment lending, title lending and pawn transaction services. Plaintiff Jeanna Stott joined TitleMax as a Customer Service Representative on August 4, 2010 in the TitleMax Cartersville, Georgia location. She reported directly to the Cartersville Store Manager, John Peyton. Mr. Peyton reported to District Manager, Phillip Young. Mr. Young reported to the Regional Manager, Gordon Dufrene.

On Friday evening, May 6, 2011, Ms. Stott (apparently believing she was about to be disciplined for attendance issues) sent an email to her Regional Manager, Gordon Dufrene. In her email to Mr. Dufrene, Ms. Stott made a variety of allegations, but primarily focused on allegations that she had been subjected to

sexual harassment by a co-worker, Shawn Mathis, and by her supervisor, John Peyton. In passing, her email also claimed that Mr. Peyton had manipulated her time records on a few occasions so as to deprive her of overtime pay. Also on the evening of May 6, 2011, Ms. Stott called TitleMax's Employee Hotline and logged a sexual harassment complaint for the incidents she reported in her email to Mr. Dufrene.

After receiving Ms. Stott's internal complaint, TitleMax investigated her sexual harassment allegations. Mr. Young placed Mr. Peyton on suspension pending the outcome of the investigation. TitleMax's Human Resources Manager conducted witness interviews of Ms. Stott, Mr. Peyton, Mr. Mathis, and other employees located in the Cartersville facility.

Ms. Stott's complaint alleged that several co-workers had witnessed various incidents of harassment and that she had discussed the harassment with two of her co-workers. However, interviews with all of the Cartersville Store employees yielded no evidence to substantiate Ms. Stott's allegations. In fact, the two employees that Ms. Stott specifically identified as her confidantes and key witnesses refuted her claims, stating that the incidents and conversations Ms. Stott alleged either never occurred or were vastly different than Ms. Stott had described.

Based on the investigation results, Human Resources reasonably concluded that Ms. Stott had filed false claims. Making dishonest or false allegations against other employees is a violation under TitleMax's Human Resources policies and is grounds for immediate termination. Based on a good faith conclusion that Ms. Stott had made a false report of wrongdoing by other employees, TitleMax made the decision to terminate her employment. Mr. Peyton was not involved in the termination decision. Ms. Stott was notified of her termination on May 19, 2011.

In this lawsuit, Ms. Stott claims that (a) TitleMax and Mr. Peyton failed to pay her overtime pay that was owed to her, (b) TitleMax and Mr. Peyton terminated her employment in retaliation for complaining about unpaid overtime, (c) Peyton is liable to her for assault and battery, (d) she was subjected to sexual harassment, (e) TitleMax transferred and later terminated her in retaliation for complaining about sexual harassment, and (f) TitleMax negligently retained and supervised Shawn Mathis.

TitleMax denies Ms. Stott's claims. First, TitleMax denies Ms. Stott worked any overtime hours for which she was not paid. Additionally, if there were discrepancies in her overtime pay, Ms. Stott waived her claim by submitting and verifying her timecards every week and failing to notify management of the

alleged discrepancies in a timely manner. Ms. Stott also failed to take advantage of any preventative or corrective opportunities made available by TitleMax with regard to the FLSA claim, the sexual harassment claims, and the simple assault and battery claims. Further, despite her claims to the contrary, Ms. Stott was terminated for a non-retaliatory, legitimate reason—specifically, TitleMax's good faith belief that Ms. Stott had made false allegations against other employees.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

TitleMax believes the legal authorities listed below are applicable to this action. The authorities listed below are not intended to be exhaustive. TitleMax reserves the right to rely upon applicable cases, statutes and other authority similar to that cited below or discovered at a later date.

TitleMax disputes that Ms. Stott is entitled to any of the relief sought by her Complaint based on, among other things, its affirmative defenses of failure to assert a claim upon which relief can be granted, estoppel, waiver, good faith, and failure to mitigate. TitleMax contends that the following authority may be applicable: the Fair Labor Standards Act, including the Portal to Portal Act; Simple Assault, O.C.G.A. § 16-5-20, Simple Battery, O.C.G.A. § 16-5-23; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); the Federal Rules of

Civil Procedure; the Federal Rules of Evidence; the doctrine of estoppel; the doctrine of waiver; and the doctrine of mitigation.

Some other relevant authority and illustrative case law include the following:

EEOC v. Total System Services, Inc., 221 F.3d 1171 (11th Cir. 2000) (employer's good faith belief that the plaintiff lied during an internal investigation is a legitimate, non-retaliatory reason for termination of plaintiff's employment); Snapp v. Unlimited Concepts, Inc., 208 F.3d 928 (11th Cir. 2000) (punitive damages are not an available remedy in an FLSA retaliation case); C.D. Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987) (liquidated damages not available in FLSA claim where employer acted in good faith and with a reasonable belief that its actions were in compliance with FLSA); Wood v. Mid-America Management Corp., 192 Fed.Appx. 378 (6th Cir. 2006) (denying FLSA recovery where plaintiff is aware of time reporting system but fails to report overtime hours).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Please see witness list, attached hereto as Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

TitleMax does not currently anticipate retaining expert witnesses to present evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. TitleMax, however, reserves the right to supplement this response if such a witness is deemed necessary and will make expert disclosures in compliance with the Federal Rules and any scheduling order entered by the Court, if such an expert is retained.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

Please see document list and descriptions, attached hereto as Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

TitleMax has not claimed damages in this action.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the

full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

TitleMax is not aware of any other person or legal entity that may be liable to the Plaintiff or the Defendant in this matter.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

None.

Respectfully submitted this 11th day of November, 2011.

s/ Shannon R. Creasy
R. Daniel Beale
Georgia Bar No. 043880
Shannon R. Creasy
Georgia Bar No. 228358

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax:   (404) 527-4198
Email: dbeale@mckennalong.com

*Attorneys for Defendant*
*TitleMax of Georgia, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JEANNA STOTT,<br><br>Plaintiff,<br><br>v.<br><br>TITLEMAX of GEORGIA, INC.,<br>and JOHN PEYTON, an individual<br><br>Defendants. | Civil Action File No.<br>4:11-cv-138-HLM |

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2011, the foregoing **DEFENDANT TITLEMAX OF GEORGIA, INC.'S INITIAL DISCLOSURES** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this case:

>Kimberly N. Martin
>MARTIN & MARTIN, LLP
>Post Office Box 1070
>Tucker, Georgia 3085
>kmartin@martinandmartinlaw.com

Warren R. Hall
HALL, ARBERY & GILLIGAN, LLP
3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
whall@hagllp.com


Respectfully submitted this <u>11th</u> day of November, 2011.

s/ Shannon R. Creasy
R. Daniel Beale
Georgia Bar No. 043880
Shannon R. Creasy
Georgia Bar No. 228358

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198     (facsimile)
dbeale@mckennalong.com
screasy@mckennalong.com

*Attorneys for Defendant*
*TitleMax of Georgia, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEANNA STOTT,<br><br>Plaintiff,<br><br>v.<br><br>TITLEMAX of GEORGIA, INC.<br>and JOHN PEYTON, an individual,<br><br>Defendants. | Civil Action File No.<br>4:11-cv-138-HLM |

## DEFENDANT TITLEMAX OF GEORGIA, INC.'S INITIAL DISCLOSURES

## ATTACHMENT A - WITNESS LIST

Individuals likely to have discoverable evidence that may be used to support claims or defenses are:

1. Jeanna Stott
   Plaintiff

2. John Peyton

   May be contacted through Mr. Peyton's counsel.

   Mr. Peyton is believed to have information about Ms. Stott's working time and time records, his involvement (if any) in the decision to terminate Ms. Stott's employment, and the factual events relating to Ms. Stott's claims of

sexual harassment, simple assault and simple battery. He may also have information about Ms. Stott's claims that she reported sexual harassment.

3. Chasity Wyche

   11 Rose Hill Drive, Savannah, GA 31419

   Ms. Wyche is believed to have information relating to the investigation of Ms. Stott's internal complaints and the decision to terminate Ms. Stott's employment.

4. Nekia Jones

   Ms. Jones may be contacted through counsel for TitleMax

   Ms. Jones is believed to have information relating to the investigation of Ms. Stott's internal complaints.

5. Phillip Young

   Mr. Young may be contacted through counsel for TitleMax.

   Mr. Young is believed to have information related to Ms. Stott's attendance and punctuality issues and the decision to terminate her employment. He may also have information related to Ms. Stott's claims that she reported sexual harassment.

6. Gordon Dufrene

   Mr. Dufrene may be contacted through counsel for TitleMax.

   Mr. Dufrene is believed to have information related to Ms. Stott's complaints, the investigation of her complaints, the offer to transfer Ms. Stott, and the decision to terminate her employment.

7. William Chad Lance

   Mr. Lance can be contacted through counsel for TitleMax.

   Mr. Lance is believed to have information related to Ms. Stott's claims of simple assault and simple battery. He may also have information relating to Ms. Stott's attendance and punctuality and whether she worked hours for which she was not properly compensated.

8. Rachel Edwards

   11 Carrington Drive, Cartersville, GA 30120

   Ms. Edwards is believed to have information related to Ms. Stott's claims of sexual harassment, simple assault, and simple battery. She may also have information relating to Ms. Stott's attendance and punctuality and whether she worked hours for which she was not properly compensated.

9. Shawn Mathis

   Mr. Mathis can be contacted through counsel for TitleMax.

   Mr. Mathis is believed to have information related to Ms. Stott's claims of sexual harassment. He may also have information relating to Ms. Stott's attendance and punctuality and whether she worked hours for which she was not properly compensated.

10. Brandon Longenecker

    214 Magnolia Springs Drive, Canton, GA 30115

    Mr. Longenecker is believed to have information related to Ms. Stott's claims of sexual harassment. He may also have information relating to Ms. Stott's attendance and punctuality and whether she worked hours for which she was not properly compensated.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JEANNA STOTT,<br><br>Plaintiff,<br><br>v.<br><br>TITLEMAX of GEORGIA, INC.<br>and JOHN PEYTON, an individual,<br><br>Defendants. | Civil Action File No.<br>4:11-cv-138-HLM |

## DEFENDANT TITLEMAX OF GEORGIA, INC.'S INITIAL DISCLOSURES

## ATTACHMENT C – DOCUMENT LISTS AND DESCRIPTIONS

A copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that Defendant may use to support its claims or defenses unless solely for impeachment, identifying the subjects of the information:

1. Electronic time records for Jeanna Stott

2. Investigation file assembled by TitleMax's Human Resources Department, including witness interviews and witness statements.

3. Ms. Stott's Personnel File

4. Mr. Mathis' Personnel File

Case 4:11-cv-00138-HLM -WEJ   Document 25   Filed 11/11/11   Page 15 of 15

- 15 -

5. Email correspondence between Ms. Stott and Mr. Dufrene

6. TitleMax's written policies including those regarding attendance, timekeeping, equal employment opportunity, and workplace harassment.

All documents are available through counsel for TitleMax.

ATLANTA:5320013.5